CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 0 5 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TRAVIS R. BLANKENSHIP,<br>  Plaintiff, | )<br>)<br>) |
| v. | )   Civil Action No. 7:04-CV-00443<br>) |
| JO ANNE B. BARNHART,<br>  Defendant. | )   By:   Michael F. Urbanski<br>)      United States Magistrate Judge |

## MEMORANDUM OPINION

Plaintiff Travis R. Blankenship ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for review of the decision of the Commissioner of Social Security denying his claim for Social Security Income ("SSI") under Title XIV of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The parties have consented to the undersigned Magistrate Judge's jurisdiction over this matter, and the case is now before the court on plaintiff's motion to remand and on defendant's motion for summary judgment. Having reviewed the record and after briefing and oral argument, the Court is compelled to deny plaintiff's motion for remand and grant the defendant's motion for summary judgment.

## FACTUAL AND ADMINISTRATIVE HISTORY

Plaintiff was born on September 21, 1975, has a GED, and has previously worked as an order clerk, warehouse worker, and cafeteria attendant. (Administrative Record, hereinafter "R.", at 60, 402.) Plaintiff alleges that he has been disabled from all substantial gainful employment since September 27, 2000 due to chronic back pain and pain and numbness in his legs. (R. 395-96)

Plaintiff's relevant medical history begins after plaintiff bent over to pick up a case of juice at work that was stuck to another box. (R. 116) Plaintiff went to the office of Dr. Watts and Dr. Castern on April 6, 2000 and told Dr. Watts that he had severe pain in his upper back and between his shoulder blades. (R. 116) X-rays of plaintiff's thoracic spine showed no compression deformity and mild to moderate narrowing of the disc space at T11-12. (R. 117) Dr. Watts prescribed medications and ordered five sessions of physical therapy. (R. 114-16) At an April 19, 2000 visit, the doctor noted that plaintiff would soon be able to return to work. (R. 114) During the period between April, 2000 and October, 2003 plaintiff was treated for repeated complaints of lower back pain and headaches.

An administrative law judge ("ALJ") conducted a hearing in this case on April 30, 2003 in which plaintiff, represented by counsel, and a vocational expert ("VE") testified. In a written decision issued May 30, 2003, the ALJ found that plaintiff suffered from chronic back pain, but did not fully credit his testimony regarding the extent of his pain. (R. 20) The ALJ found that plaintiff was capable of performing work with a sit/stand option which could be performed by an individual with a mild reduction in concentration due to pain, which did not involve more than occasional balancing, stooping, kneeling, crouching, or crawling or pushing and pulling with the legs. (R. 19-20) A vocational expert testified that there were jobs existing in significant numbers in the national economy that could be performed by an individual with those limitations. (R. 402-04) The ALJ's decision became the Commissioner's final decision for the purposes of judicial review when the Appeals Council denied plaintiff's request for review. (R. 7-8) Plaintiff then filed this action challenging the Commissioner's decision.

2

# ANALYSIS

A.  **Plaintiff's Motion for Remand for Consideration of New Evidence**

Plaintiff requests a remand of this case for consideration of new evidence that had not previously been before the Commissioner. The evidence upon which plaintiff's motion is based consists of a "KEY Method of Functional Capacity Assessment" conducted in June, 2004 and completed by Laura Fickle, OTL, CHT of Carilion Roanoke Memorial Rehabilitation Center and medical records from Kuumba Community Health and Wellness Center ("Kuumba Community") dated February 3, 2004 through May 7, 2004. See (Pl. Mot. Remand, Exh. A & B.) Having reviewed the record, as well as the additional materials submitted by plaintiff in his motion for remand, the undersigned finds that remand is not appropriate in this case.

A district court may remand a social security case on the basis of newly discovered evidence, a "sentence six" remand, when plaintiff satisfies four prerequisites. 42 U.S.C. § 405(g); Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985). First, the evidence must be "new." Id. (holding "new" evidence is "'relevant to the determination of disability at the time the application was first filed and not merely cumulative'") (quoting Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983)). Second, it must be "material to the extent that the Secretary's decision might reasonably have been different had the new evidence been before her." Id. Third, there must be good cause for the "failure to submit the evidence when the claim was before the Secretary." Id. Fourth, the claimant must make "'at least a general showing of the nature' of the new evidence." Id. (quoting King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979)).

Plaintiff has failed to meet the first three prerequisites of the above stated test for remand. First, the evidence presented by the plaintiff is not relevant to the determination of disability at

3

the time the application was first filed. The evidence presented to the Court that provides the basis for plaintiff's motion for remand spans the time period between February through June of 2004. No part of the newly submitted evidence provides evidence of plaintiff's alleged disability between September 1, 2000 (the alleged onset date) and the date of the ALJ's decision. Thus, plaintiff's evidence cannot be considered "new." See Borders, 777 F.2d at 955.

Second, the Secretary's decision would not reasonably have been different had the new evidence been before her. Even if the newly submitted evidence could be considered relevant to the appropriate time period, it is merely cumulative and would not reasonably have changed the Secretary's decision. The medical records from Kuumba Community show only that plaintiff has continued complaints of back pain. The ALJ recognized that the record contained evidence that plaintiff suffered from back pain. (R. 20) Moreover, the "KEY" functional capacity assessment was completed by an "assessment specialist" which is not an acceptable medical source for purposes of determining disability. See 20 C.F.R. § 416.913(a). Accordingly, the newly submitted evidence is not "material." See Borders, 777 F.2d at 955.

Finally, plaintiff has not shown that good cause exists for not submitting the evidence when the claim was before the Secretary. Plaintiff could have followed up with the August 30, 2002 recommendation of Kuumba Community that he return for functional capacity evaluation. See (R. 194, 369). Instead, plaintiff did not go for such evaluation for well over a year after the ALJ's decision was issued. Plaintiff clearly has not met the test to show that remand is appropriate in this case. Accordingly, the Court must deny plaintiff's motion.

**B.     Defendant's Motion for Summary Judgment**

The Court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Certainly the record contains evidence, and the ALJ recognized, that plaintiff has suffered from chronic back pain for several years. (R. 17, 20) The record also contains, however, substantial evidence supporting the Commissioner's decision that plaintiff is capable of performing a significant range of sedentary work. For example, although Louis J. Castern, M.D., opined on March 23, 2001 that plaintiff could not return to even sedentary work, he indicated that this opinion was based on plaintiff's complaints of chronic headaches and that based on evaluation of his back injury, plaintiff should have been able to return to work in August 2000. (R. 159, 235, 237) Moreover, Dr. Castern explained later, on May 10, 2001, that plaintiff's complaints of headaches resulting from the epidural steroid injections were not credible since such headaches should have lasted only a few weeks rather than the seven months of which plaintiff complained. (R. 160)

On May 10, 2001, plaintiff was seen by Darrell F. Powledge, M.D., for an independent medical examination for workers' compensation purposes. (R. 146-57) Upon examination, plaintiff had a full range of motion in the neck and shoulders, normal gait and flexion and

5

extension of the lumbar spine. Strength, sensation and motor function were found to be normal. Imaging studies were unremarkable with a possible bulge at L2-3 on the left. (R. 150-51) Dr. Powledge also concluded that plaintiff had recovered fully from his work related upper back injury and that there was no causal relationship between his low back complaints and headaches and the lifting incident of April 6, 2000. Id.

The record indicates that plaintiff was referred to James M. Vascik, M.D. for evaluation. (R. 243-44) On September 24, 2002, Dr. Vascik expressed shock at the amount of narcotics that had been prescribed for and taken by plaintiff for "benign" pain. (R. 243) Dr. Vascik also stated there was nothing "significantly wrong with [plaintiff's] spine except that he is 27 years old and has some minimal degenerative changes." (R. 244) Indeed, none of the treating or examining physicians found any objective evidence of anything more than minimal degenerative changes in plaintiff's spine.

In addition, the record contains substantial evidence to support the ALJ's decision to not fully credit plaintiff's testimony regarding the extreme nature of his pain. First, a Residual Physical Functional Capacity Assessment was completed by a DDS physician who reviewed plaintiff's relevant medical records and plaintiff's own reports regarding his daily activities. (R. 196-204) The DDS physician opined that plaintiff's reports of pain could not be fully credited. Additionally, the ALJ found that plaintiff's complaints of pain were not fully persuasive, basing his decision on such factors as: (1) none of plaintiff's treating or examining physicians have been able to find any objective reason for his pain; (2) the plaintiff stopped his treatment with Pain Management of SW Virginia and ceased taking pain medication, noting no difference in his symptoms; (3) the plaintiff has not participated in any ongoing treatment or

6

prescription medication for pain and testified that he did not intend to pursue any; (4) plaintiff's activities and daily living contradicted his complaints of ongoing, intense pain. (R. 18-19)

The ALJ properly considered plaintiff's complaints of pain and properly determined whether those complaints were reasonably consistent with the objective medical evidence and other evidence. See 20 C.F.R. § 416.929. In doing this, the ALJ is required to consider,

> the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record.

Social Security Ruling 96-7p. The ALJ did not merely dismiss plaintiff's complaints because of the lack of medical evidence, but properly considered plaintiff's activities and daily life, as well as plaintiff's intentions not to seek any further medical treatment for his pain. There was nothing improper about the ALJ's decision not to fully credit plaintiff's testimony regarding his pain.[1] Accordingly, substantial evidence exists to support the Commissioner's decision that plaintiff is not disabled. The Court is compelled, therefore, to grant the defendant's motion for summary judgment.

---

[1] In his motion to remand, the plaintiff argues that the "KEY" Functional Assessment, attached to his motion, "corroborates the plaintiff's testimony regarding his limitations and confirms that the plaintiff is incapable of substantial gainful employment." The Court, however, has already stated that the "KEY" functional evaluation was not completed by an acceptable medical source and, therefore, could not possibly help corroborate plaintiff's testimony. Moreover, to the extent that the ALJ based her decision on the fact that plaintiff did not intend to seek further medical treatment for his impairments, the new evidence is not relevant. As stated earlier, the treatment was not sought for an entire year after the ALJ's decision was issued. Nothing about this new evidence is relevant to, or would reasonably change, the Commissioner's final decision.

7

In affirming the final decision of the Commissioner, the court does not suggest that plaintiff is totally free of all pain and subjective discomfort. The objective medical record simply fails to document the existence of any condition which would reasonably be expected to result in total disability for all forms of substantial gainful employment. It appears that the ALJ properly considered all of the subjective factors in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision in this case are supported by substantial evidence. An order dismissing this action will be entered.

## CONCLUSION

For the reasons outlined above, by accompanying Order, defendant's motion for summary judgment is granted and plaintiff's motion for remand is denied.

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion to all counsel of record.

Enter this 5 day of July, 2005.

Michael F. Urbanski
United States Magistrate Judge

8